(No. 33378.—

The Willett Company, Appellee, *vs.* Charles F. Carpentier, Secretary of State, *et al.,* Appellants.

*Opinion filed December 20, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, (JOHN L. DAVIDSON, JR., MARK O. ROBERTS, THEMIS N. ANASTOS, and LEE D. MARTIN, of counsel,) for appellants.

TENNEY, SHERMAN, BENTLEY & GUTHRIE, of Chicago, (WILLIAM S. WARFIELD, III, and L. DOW NICHOL, JR., of counsel,) for appellee.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook County which enjoined the Secretary of State and the State Treasurer from removing from the protest fund certain moneys paid under protest by appellee to the Secretary of State in payment of 1952 license and registration fees and privilege taxes for trucks owned and operated by appellee. The decree further ordered that appellants refund to appellee the sum of $3727.66.

The controversy between the parties arises as follows:

In 1951, the legislature amended the Motor Vehicle Law so as to impose a flat annual tax for the privilege of operating trucks and other vehicles of the second division, as defined in the act, on the public highways of the

State. (Ill. Rev. Stat. 1951, chap. 95½, par. 9.) The amendatory act repealed a provision of the former act which provided for an optional mileage weight tax in lieu of the flat tax.

In November, 1951, the circuit court of Sangamon County held that the 1951 amendment to the Motor Vehicle Law was unconstitutional and permanently enjoined the Secretary of State from enforcing said act and from levying or collecting any licence and registration fees or privilege tax under said act. On May 23, 1952, we reversed this decree and held that the act in question was constitutional. (*Bode* v. *Barrett*, 412 Ill. 204.) Our judgment was appealed to the Supreme Court of the United States and was affirmed. *Bode* v. *Barrett*, 344 U.S. 583, 73 S. Ct. 468.

Pending the appeal of the circuit court decision to this court, appellee applied to the Secretary of State for license plates for its trucks and paid the fees and taxes imposed by the Motor Vehicle Law as it existed prior to its amendment in 1951. Under the compulsion of said injunction the Secretary of State accepted said payment and issued such license plates. Appellee was notified at that time that in the event the 1951 amendment was held valid by the Supreme Court, an additional tax would be due. Appellee applied and paid for license plates for certain of its trucks under the optional mileage weight provision referred to above. A custom had existed for many years in the office of the Secretary of State which permitted truck owners paying under the optional provision to surrender their mileage license plates at any time after their issuance and pay the taxes and fees up to the date of surrender of said plates, after which they were under no liability for further fees and taxes. On or about July 1, 1952, appellee surrendered to the Secretary of State certain mileage license plates and paid the fees and taxes, computed under the law as it existed prior to the 1951 amendment. Following

the surrender of these plates, the trucks for which they were issued were not used by appellee.

In June, 1953, following the affirmance of our opinion by the United States Supreme Court, the Secretary of State brought an action at law against appellee, seeking to recover the sum of $92,932.90, which was alleged to be the difference between the fees and taxes paid by appellee, which had been computed on the basis of the law prior to the 1951 amendment, and the fees and taxes computed under said amendment. Appellee answered the complaint, setting up the fact that at the time it obtained its licenses, the circuit court injunction was in force and contending that by reason of such injunction, together with the fact that it had surrendered certain license plates in July, 1952, it was under no further liability. Plaintiff moved to strike the answer on the ground that the matters alleged therein constituted no defense.

Thereafter, in December, 1953, appellee paid, without protest, the sum of $80,002.93, being a part of the sum demanded in the action at law. At the same time, appellee paid, under protest, the sum of $11,122.87. We note that the total of these payments does not equal the sum demanded, but, in the view we take of the case, this discrepancy has no significance. On January 8, 1954, appellee filed a suit to enjoin appellants from transferring the money paid under protest from the protest fund to the fund to which said money would normally be transferred. The action at law and this injunction suit were consolidated, and the motion to strike the answer in the action at law was permitted to stand as the answer to the complaint in the chancery proceedings. Thereafter, appellee amended its complaint in the chancery proceeding and abandoned its claim to the sum of $4548.27, so that it sought refund of the sum of $6574.60. This sum represented the balance claimed to be due on the trucks for which appellee surrendered the plates in July, 1952. Ap-.

pellee contended that by surrendering the plates and not using the trucks, it relieved itself of further liability. Appellants contended that the surrender of the plates was of no legal effect, since the 1951 act repealed the optional mileage weight tax and made appellee liable for the full annual tax regardless of the use made by it of its trucks.

The trial court entered judgment dismissing the action at law on the ground that full payment had been made. No appeal was taken from said judgment. In the chancery action, the court held that appellee was entitled to a refund of $3727.66, enjoined appellants from transferring said sum from the protest fund and ordered appellants to refund said sum to appellee. The trial court held that the injunction was in effect until June 5, 1952, by reason of the fact that this court, in *Bode* v. *Barrett,* entered an order staying the issuance of a mandate until said date. He therefore ordered refund of only the additional taxes on trucks which were not used by appellee following said date. Appellee claimed refund of additional taxes on all trucks for which license plates were surrendered, regardless of whether the trucks were used during the month of June, 1952. This accounts for the difference between $6574.60, claimed by appellee, and $3727.66, which the court ordered refunded.

The present appeal is from the order in the chancery action ordering the refund. Appellee has perfected a cross appeal, claiming the court erred in limiting the refund to $3727.66.

While the facts involved in this appeal are somewhat complicated, we believe that the principles of law which are applicable here are well settled. The original action, *Bode* v. *Barrett,* was a taxpayers' class suit brought on behalf of the plaintiff therein and all other persons similarly situated. (*Bode* v. *Barrett,* 412 Ill. 204, 208.) The decree of the circuit court in that case was therefore binding, not only upon the named plaintiffs, but on all other truck owners, including appellee in the present case. (*People*

*ex rel. Furlong* v. *Board of Election Comrs.* 404 Ill. 326.) Appellee herein concedes that it was bound by the proceedings in *Bode* v. *Barrett* and, in fact, seeks to obtain advantage therefrom by arguing that because it was bound by the injunction of the trial court, it is entitled to protection for all of its acts performed under the compulsion of such injunction. Appellee contends that since it was compelled to pay taxes and registration fees in accordance with the old act, that appellants cannot now collect increased taxes retroactively. If it were not for the appeal in the case of *Bode* v. *Barrett,* appellee's argument would be sound.

However, the rights of parties to an action, pending an appeal, are well settled. In *First National Bank* v. *Road District No. 8,* 389 Ill. 156, we said, page 161:

"A party to a suit is presumed to know of all the errors in the record, and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof. If such party has received benefits from the erroneous decree or judgment, he must, after reversal, make restitution, and, if he has sold property erroneously adjudged to belong to him, he must account to the true owner for the value. Titles acquired by parties to the record under an erroneous decree or judgment will be divested by the subsequent reversal of such decree or judgment. (*Thompson* v. *Davis,* 297 Ill. 11; *Ure* v. *Ure,* 223 Ill. 454; *McJilton* v. *Love,* 13 Ill. 486.) A party to a decree cannot acquire any rights thereunder while the same is subject to review which he can assert after the decree is reversed, since the effect of the reversal is to abrogate the decree and leave the cause as it stood prior to the entry of the decree. (*Ure* v. *Ure,* 223 Ill. 454.) These principles were announced by this court many years ago (*McJilton* v. *Love,* 13 Ill. 486,) and are as entirely sound and as applicable now as they were then."

We believe that the law set forth in that case is sound and is squarely applicable to the present case. Indeed, appellee suggests no reason for not following the *First National Bank case*. It, therefore, follows that since appellee was bound by the trial court decree in the case of *Bode* v. *Barrett,* it is likewise affected by the ultimate reversal of that decree. Any advantages which it obtained by virtue of said erroneous decree cannot be retained by appellee, for the reversal leaves the case as though no such decree had ever been entered. The 1951 amendment entirely repealed the optional mileage weight tax and, therefore, the advantage which appellee obtained by paying its fees and taxes on that basis and surrendering its license plates in July, 1952, cannot be retained. Nor does it matter that the plates were surrendered in July and some of appellee's trucks were used during the month of June, for it is clear that appellee is liable for the full amount of the tax imposed by the 1951 amendment regardless of the extent to which it made use of its trucks during the year of 1952. In holding the 1951 amendment to the Motor Vehicle Law constitutional, we held that the fact that a truck owner did not fully exploit the privilege of using the public highways, for which privilege he was taxed, did not affect the application of the law. (*Bode* v. *Barrett,* 412 Ill. 204, 226.) We also are of the opinion that it is immaterial that the mandate of the United States Supreme Court was not filed until 1953, for regardless of the time of filing such mandate, the ultimate reversal utterly abrogated the effect of the trial court decree and left the parties as if no such decree had ever been entered.

We have carefully considered the cases cited by appellee in support of its contentions and find that they are not applicable to the facts of the present case. In those cases the courts held that parties to a suit must obey a decree or judgment while it is in force and are entitled to protec-

tion for acts done under compulsion of such decree or judgment. In none of these cases, however, was there an appeal from the decree or judgment in question. The cases are therefore not in point.

The decree of the circuit court of Cook County is reversed and the cause is remanded, with directions to dissolve the injunction.

*Reversed and remanded, with directions.*