COM-CO INSURANCE AGENCY, INC., Plaintiff-Appellant, v. SERVICE INSURANCE AGENCY, INC., *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—00—1643

Opinion filed April 16, 2001.

Rieck & Crotty, P.C., of Chicago (Jerome F. Crotty and Kathleen K. Smith, of counsel), and Spalding & Associates, of Skokie (Herb Spalding, of counsel), for appellant.

Matthew A. Flamm and Gwendolyn S. Harris, both of Flamm & Teibloom, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Com-Co Insurance Agency sued its former employee, William Abplanalp, and his new employer, Service Insurance Agency, for breaching a restrictive covenant by soliciting business from Abplanalp's friends. The court granted defendants summary judgment because Com-Co had no protectible interest in the customers at issue. We affirm.

Com-Co hired Abplanalp as an insurance agent in 1986. Abplanalp signed an employment agreement, which included the following provision:

."The agent agrees that for the duration of this agreement and for a period of three (3) years thereafter:

(a.) He will not \*\*\* divulge \*\*\* any lists of names of customers or clients of the company, nor make any use thereof for himself in any manner.

\*\*\*

(c.) If employed by a company in a similar business, render services directly or indirectly to or for that company in connection with the sale or promotion of its services or products to customers or clients of Com-Co."

Abplanalp resigned in 1991 and joined Service. He consulted an attorney for Service for advice about the covenant. Service sent a letter to Com-Co admitting that most of Abplanalp's book of business with Com-Co received full protection under the employment agreement, but Service argued that Com-Co had no protectible interest in clients who were Abplanalp's relatives and friends. Abplanalp thereafter sold insurance to a number of relatives and friends he had known before he began working for Com-Co. He refused to sell insurance to several persons who sought to purchase insurance from him because he met them while he was working for Com-Co, and therefore he considered them Com-Co's protected clients. He met his wife while working at Com-Co, so he refused to sell her insurance.

Com-Co sued Abplanalp for breach of the restrictive covenant and Service for inducing the breach. Com-Co claimed about $36,000 in actual damages and sought $100,000 in punitive damages. The court referred the case to arbitrators, who awarded Com-Co a net of $1,232.86. Com-Co rejected the award.

The parties moved for summary judgment, supporting their motions with transcripts of testimony from various witnesses. Com-Co's president swore that more than 80% of Com-Co's customers renewed their policies each year, and the customers stayed with the agency for an average of five years and seven months. Abplanalp identified each of the Com-Co clients to whom he had sold new insurance through Service. He explained how and when he came to know each person listed, testifying that he knew each one before he began working for Com-Co. He presented largely corroborative testimony from the clients. Com-Co presented no contradictory evidence, and it conceded that Abplanalp had the right to sell insurance through Service to members of his family. Abplanalp admitted that he had never sold his friends insurance before he worked for Com-Co.

The trial court found that the testimony of one of the clients, Antonia Addante, showed that she met Abplanalp while he worked for Com-Co. The court found that Com-Co had a protectible interest in retaining her as a client, so it continued the case with respect to her for proof of damages. But the court held that Com-Co had no pro-

tectible interest in those customers who bought insurance through Com-Co because they were friends of Abplanalp who knew Abplanalp before he began working for Com-Co. Accordingly, the court granted summary judgment in favor of defendants with respect to all clients at issue other than Addante. The court added that the partial summary judgment was final and appealable. Com-Co promptly appealed.

■ The trial court's declaration of finality and appealability is not enough, standing alone, to make an order appealable. *DeLuna v. St. Elizabeth's Hospital*, 147 Ill. 2d 57, 76, 588 N.E.2d 1139 (1992). If the order finally disposed of the rights of the parties on some definite and separate branch of the controversy, then the court's statement of enforceability or appealability makes the order immediately appealable under Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a); see *In re Marriage of Schweihs*, 272 Ill. App. 3d 653, 662, 650 N.E.2d 569 (1995).

The court's language need not match the wording in Rule 304(a) precisely. "[W]here appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability." *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 551, 605 N.E.2d 567 (1992).

■ Here, the court appropriately referred to appealability. We agree with the trial court's implicit holding that the claim regarding Addante is sufficiently separable from the claims concerning the other clients for immediate appeal of the partial summary judgment. We find that we have jurisdiction to consider Com-Co's appeal pursuant to Supreme Court Rule 304(a).

■ Com-Co argues that it had a protectible interest in keeping Abplanalp's friends as its customers. We note that Com-Co effectively conceded that the restrictive covenant could not be enforced as written: the covenant made no exception for Abplanalp's relatives, yet Com-Co did not contest his right to retain them as his clients in his new employment. Because the trial court expressly excepted Addante from the summary judgment ruling, the only clients at issue are Abplanalp's friends whom he knew before he began working for Com-Co.

> "Whether a restrictive covenant is enforceable is a question of law. [Citation.] *** [A]n employer's interest in its customers will be deemed proprietary if, by the nature of the business, the customer relation is near-permanent and but for his prior employment, the defendant would not have had contact with the clients in question. *** Conversely, a protect[i]ble interest in customers is not recognized where the customer list is not secret [citation], or where the customer relationship is short-term and no specialized knowledge or trade secrets are involved. [Citation.] Under these circum-

stances, the restrictive covenant is deemed an attempt to prevent competition *per se* and will not be enforced. [Citation.] Covenants not to compete are carefully scrutinized by the courts since, at least to some extent, they can result in restraints of trade." *American Claims Service, Ltd. v. Boris*, 137 Ill. App. 3d 948, 950-51, 485 N.E.2d 534 (1985).

An employer has no protectible interest in an employee's customer unless the employer can show the employee would not "have had contact with the customers absent [his] association with the employer." *LSBZ, Inc. v. Brokis*, 237 Ill. App. 3d 415, 430, 603 N.E.2d 1240 (1992).

In *LSBZ* the plaintiff, a hairstyling salon, sought an injunction to prevent a former employee from styling the hair of the plaintiff's customers. The court noted that the employee initially worked for these customers

" 'not *because* of her association with [the employer], but rather, through her own efforts on [the employer's] behalf and in furtherance of her association with it.' (Emphasis in original.) (*Reinhardt [Printing Co. v. Feld]*, 142 Ill. App. 3d [9, 17, 490 N.E.2d 1302 (1986)].) In [*Label Printers v.*] *Pflug*, [206 Ill. App. 3d 483, 564 N.E.2d 1382 (1991),] the evidence likewise showed that the defendant/former employee had himself obtained many of the customers the employer sought to prohibit him from contacting." *LSBZ*, 237 Ill. App. 3d at 429.

Therefore, the court found no protectible near-permanent relationship with the customers.

In *Rapp Insurance Agency, Inc. v. Baldree*, 231 Ill. App. 3d 1038, 597 N.E.2d 936 (1992), an insurance agency sought to enjoin a former agent from soliciting his former clients. The court held:

"[T]he mere potential to become a long-standing customer is not sufficient. *** [W]e again emphasize the transient nature of insurance policies in general. It was uncontested that insurance customers are frequently approached by competitors and that the customers willingly give the competitor information regarding their premiums in hopes of obtaining a better deal. ***

As most of the clients, according to testimony, were brought in via 'cold calls,' we cannot say that defendant would not have had contact with them but for his employment with plaintiff, since most of these customers could be found in the phone book and randomly contacted by any insurance agent." *Rapp*, 231 Ill. App. 3d at 1042-43.

■ Here, the uncontested evidence established that Abplanalp would have had contact with all of the clients at issue even if he never worked for Com-Co. His contact with these persons permitted him to sell them insurance, first through Com-Co and then through Service.

His work for Com-Co did not help him establish the contacts with these friends, nor did the work for Com-Co in any way contribute to his ability to sell insurance through Service to these clients. As Com-Co cannot show that Abplanalp would not have been able to sell insurance to these customers through Service absent his association with Com-Co, Com-Co has no protectible interest in these customers.

Com-Co claims that the appellate court overturned the principles enunciated in *LSBZ* and *Boris* in *Lyle R. Jager Agency, Inc. v. Steward*, 253 Ill. App. 3d 631, 625 N.E.2d 397 (1993). In that case, as here, the insurance agency included a restrictive covenant in its employment agreement with its agent, but that case presented a kind of inverse of the situation here. In *Steward*, 253 Ill. App. 3d at 634, the agency did not contest the agent's right to sell insurance to all clients he brought to the agency from his previous employment; the only clients at issue were those he first contacted as the plaintiff's agent. Here, defendants conceded to Com-Co all those clients Abplanalp met while working for Com-Co; the only clients at issue are those he brought to Com-Co through his prior friendships. Thus, the court in *Steward* did not address the issue presented here, of whether the plaintiff had a protectible interest in clients the defendant brought to the agency as his friends.

Despite the difference in the factual situations, Com-Co asks us to interpret the holding of *Steward* as mandating a finding of a protectible interest in the clients at issue here. The court in *Steward* said:

> "[I]t is reasonable for the trial court to conclude that the defendant would not have had contact with such commercial clients, in the context of selling them insurance, but for his employment with the plaintiff. See *LSBZ*, [237 Ill. App. 3d at 430]." *Steward*, 253 Ill. App. 3d at 639.

Com-Co rests its argument on the appellate court's inclusion of the phrase "in the context of selling them insurance," in *Steward*. But the court's citation shows that the decision did not overturn *LSBZ*; instead it reaffirmed the principles restated in *LSBZ*. The plaintiff agency has a protectible interest in its clients only to the extent that the former agent is able to serve the clients for the new agency "*because* of [his] association with" the plaintiff agency. (Emphasis in original.) *LSBZ*, 237 Ill. App. 3d at 429. The decision in *Steward* involved only commercial insurance clients. The court apparently sought to distinguish prior contacts as a customer of the commercial enterprise from the contacts which gave the agent the opportunity to sell insurance to the commercial enterprise. Abplanalp had the opportunity to sell insurance to all the contested customers because they were his friends before he came to Com-Co, and nothing about his association with

Com-Co helped him later sell them insurance through Service. Under *Steward*, as well as *LSBZ*, *Boris* and *Rapp*, Com-Co has no protectible interest in the friends to whom Abplanalp sold insurance through Com-Co.

Com-Co notes that the court in *Steward* expressly disagreed with the *Rapp* decision on the issue of whether the agency had a protectible interest in clients the defendant met through cold calls made to phone numbers available in public directories. Abplanalp here, like the agents in *Steward* and *Rapp*, helped Com-Co acquire significant numbers of clients in this way. Abplanalp and Service, on the advice of their attorney, conceded to Com-Co all such clients. The record shows that several such persons contacted Abplanalp at Service, seeking to change their insurance agency so they could continue to work with Abplanalp. Abplanalp told them he could not help them due to the restrictive covenant in his employment agreement. Because Abplanalp has not sought to sell insurance to these customers through Service, we need not decide the issue on which the *Steward* and *Rapp* courts disagreed. Com-Co cannot prove that the customers at issue here would not be Service's clients but for Abplanalp's association with Com-Co. Therefore, under the reasoning of either *Steward* or *Rapp*, Com-Co has no protectible interest in the clients at issue.

The uncontested evidence shows that Abplanalp knew each of the clients at issue personally before he began work for Com-Co. He knew them well enough to be the cause for them to purchase insurance first through Com-Co, and later through Service. Because Abplanalp would have been able to sell them insurance through Service, even if he had never worked for Com-Co, Com-Co has no protectible interest in any of the clients at issue. Accordingly, we affirm the judgment in favor of defendants.

Affirmed.

O'MARA FROSSARD and COHEN, JJ., concur.