# Illinois Official Reports

## Appellate Court

---

**Royalty Farms, LLC v. Forest Preserve District, 2017 IL App (1st) 161409**

---

| | |
|---|---|
| Appellate Court Caption | ROYALTY FARMS, LLC, Plaintiff and Counterdefendant-Appellant, v. THE FOREST PRESERVE DISTRICT OF COOK COUNTY, ILLINOIS, Defendant and Counterplaintiff-Appellee. |
| District & No. | First District, Second Division<br>Docket Nos. 1-16-1409, 1-17-0377 cons. |
| Filed | December 5, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-MR-03394; the Hon. Martin C. Kelley, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James M. Messineo & Associates, P.C., of Inverness (James M. Messineo, of counsel), and Norman J. Lerum, P.C., of Chicago (Norman J. Lerum and Catherine E. Lerum, of counsel), for appellant.<br><br>Holland & Knight LLP, of Chicago (Christopher W. Carmichael, Maureen Browne Schoaf, and Darren H. Goodson, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Justices Pucinski and Hyman concurred in the judgment and opinion. |

**OPINION**

¶ 1    We must determine what happens to a judgment for eviction when ownership of the property awaits determination in a separate lawsuit for mortgage foreclosure. The circuit court granted the Forest Preserve District of Cook County, Illinois's (FPD), motion for summary judgment on a complaint to foreclose a mortgage on land Royalty Properties owned, land Royalty Properties purportedly leased to Royalty Farms, LLC (Royalty Farms). After FPD made the highest bid at a foreclosure sale of the property, Royalty Farms sued FPD for breach of its duties under the purported lease from Royalty Properties. FPD denied that Royalty Farms had a valid lease and counterclaimed for eviction. The circuit court awarded FPD a judgment evicting Royalty Farms. But in the separate lawsuit for foreclosure of the mortgage, the appellate court reversed the foreclosure judgment, finding that material factual issues required a trial. The circuit court, in the litigation over the lease, awarded possession of the property to FPD, despite the reversal of the foreclosure judgment. Royalty Farms now appeals.

¶ 2    We hold that the reversal of the foreclosure judgment voids the sale of the property to FPD. If the circuit court, following trial, again awards a foreclosure judgment in favor of FPD, the court will need to hold a new foreclosure sale, and the purchaser at that sale will acquire the property owner's rights and duties under the lease with Royalty Farms (if Royalty Farms has a valid lease). Accordingly, we reverse the order awarding possession of the property to FPD and remand and stay the eviction proceedings pending resolution of the foreclosure action.

¶ 3                                  BACKGROUND

¶ 4    In 2004, Meryl Cannon and David Warner formed Royalty Farms. In December 2006, Meryl and Richard Cannon created Royalty Properties and signed documents presented to them by Amcore Bank (Amcore). Amcore labeled one of the documents a "Mortgage," and the Cannons signed that document. Amcore loaned Royalty Properties $14.5 million, which Royalty Properties used to purchase a 400-acre horse farm in Barrington Hills, Illinois. In January 2007, Meryl, acting on behalf of both Royalty Properties and Royalty Farms, signed in two different capacities a document titled, "Agreement for Farm Lease," purportedly leasing to Royalty Farms part of the horse farm.

¶ 5    On June 8, 2009, Amcore filed a complaint to foreclose the purported mortgage on the horse farm. Amcore did not list Royalty Farms as a defendant in the foreclosure action. Royalty Properties and the Cannons filed an answer with affirmative defenses and a counterclaim.

¶ 6    In April 2010, the federal Office of the Comptroller of the Currency determined that Amcore's "unsafe or unsound practices or conditions [were] likely to cause insolvency or substantial dissipation of assets or earnings." The comptroller appointed the Federal Deposit Insurance Corporation (FDIC) as receiver for Amcore's assets. As receiver, the FDIC sold substantially all of Amcore's assets, including its interest in the loan to the Cannon parties, to BMO Harris Bank (BMO Harris).

¶ 7    In 2013, BMO Harris sold to FPD its interest in all the documents it obtained from Amcore related to Royalty Properties and the horse farm. The circuit court granted FPD

leave to substitute as plaintiff in the mortgage foreclosure action Amcore filed. In an order dated August 30, 2013, the circuit court granted FPD's motion for summary judgment and ordered a foreclosure of the purported mortgage and a sale of the farm. FPD, the highest bidder at the foreclosure sale, bid $14.5 million for the farm. The circuit court approved the sale. After further proceedings on the counterclaims, Royalty Properties filed a timely notice of appeal on May 8, 2015.

¶ 8    In September 2014, after the circuit court approved the foreclosure sale but before final judgment on the counterclaims, Royalty Farms filed a complaint against FPD, alleging that FPD breached the duties it assumed as a landlord when it bought the farm. FPD filed an answer and counterclaim. In count I of the counterclaim, FPD sought a judgment declaring the purported lease invalid. In count II, FPD sought a judgment declaring that the purported lease terminated on December 31, 2014. FPD sought to enforce the lease's indemnity provisions in count IV and requested money damages. In count III, the only count at issue in this appeal, FPD alleged (1) the purported lease had no legal effect, (2) Royalty Farms had breached the terms of the purported lease, and (3) FPD had effectively terminated the lease by notifying Royalty Farms of the termination. FPD prayed for an order evicting Royalty Farms from the horse farm.

¶ 9    On June 24, 2015, the circuit court entered a trial call order, setting the case for a status hearing. The order states, "Plaintiffs to vacate premises by 12/31/15." At a hearing held on July 8, 2015, Royalty Farms' attorney said, "We've signed a termination of the lease. *** We're leaving in December."

¶ 10    In January 2016, FPD filed a motion to hold Royalty Farms in contempt for failing to vacate the horse farm by December 31, 2015. The circuit court entered an order, dated March 4, 2016, in which the court noted that Royalty Farms did not dispute FPD's claim that it owned the horse farm. The court granted FPD possession of the property, effective December 31, 2015, but added that it would "stay enforcement of said Order until May 2, 2016." The court denied the motion for a finding of contempt.

¶ 11    Royalty Farms filed a motion to reconsider the March 4 order and asked the court to find no just reason to delay enforcement or appeal if it denied the motion for reconsideration. The circuit court, in an order dated April 25, 2016, denied the motion for reconsideration and repeated that Royalty Farms must vacate the premises, "with the exception of the two pregnant horses which can be confined to a barn until June 1, 2016."

¶ 12    Royalty Farms filed a motion for clarification of the April 25 order, asking that the court expressly permit Royalty Farms personnel to retain access to the farm to tend to the pregnant horses and to add a finding of enforceability and appealability. On April 29, 2016, the circuit court granted the motion for clarification and ordered that Royalty Farm personnel should retain access to the horse farm to care for the pregnant horses. The court added, "there is no just reason to delay the appeal of this court's order of March 4, 2016."

¶ 13    On May 17, 2016, the appellate court entered its order deciding the appeal in the foreclosure suit. The appellate court reversed the circuit court's order granting summary judgment in favor of FPD on the complaint for foreclosure. The appellate court held that Royalty Properties and the other defendants adequately pled facts that could support a finding that Amcore subjected the defendants to economic duress that rendered the loan documents, including the mortgage, void. *BMO Harris Bank, N.A. v. Royalty Properties, LLC*, 2016 IL App (1st) 151338-U, ¶ 48.

¶ 14    The day after the appellate court issued the order, Royalty Farms moved to vacate the order for possession, arguing that FPD had not proven ownership of the horse farm. FPD acquired a deed in a foreclosure sale held as a direct consequence of the foreclosure judgment the appellate court reversed.

¶ 15    At the hearing on the motion to vacate, the circuit court said,

> "I think the proper thing at this point to do is stay the proceedings and wait to see what happens in the trial in the Chancery Division.
>
> So I'm maintaining the status quo. I'm not vacating my orders."

¶ 16    The circuit court clarified that its order for Royalty Farms to vacate the property by June 1, 2016, remained in effect. In the order, dated May 19, 2016, the court expressly found no reason to delay enforcement or appeal.

¶ 17    On May 24, 2016, Royalty Farms filed a notice of appeal, listing the orders of March 4, 2016, April 25, 2016, and May 19, 2016, as the orders appealed. Royalty Farms then filed a motion to stay the orders pending the decision on the appeal. The circuit court denied the motion and entered another order for possession on December 28, 2016, but the court added, "the entire case shall be stayed pending the appeals in this matter including but not limited to the order of possession entered on Dec. 28, 2016."

¶ 18    FPD filed a motion in the appellate court to dismiss the appeal for lack of jurisdiction, arguing that the orders of March 4, April 25, and May 19 did not finally dispose of any separate claim. The appellate court ordered the parties to address the issue in their briefs.

¶ 19                                ANALYSIS
¶ 20                               Jurisdiction

¶ 21    Royalty Farms contends that Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) gives this court jurisdiction to consider the appeal. "Rule 304(a) provides that if multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the claims if the trial court has made an explicit written finding that no just reason exists for delaying either enforcement or appeal. [Citation.] Rule 304(a) does not allow for a trial court to confer appellate jurisdiction merely by using the Rule 304(a) language that 'there is no just reason for delaying enforcement or appeal.' " *In re Estate of Stark*, 374 Ill. App. 3d 516, 522 (2007). The circuit court here added Rule 304(a) language to the orders of March 4, 2016, and May 19, 2016. The parties agree that those orders did not finally resolve any of Royalty Farms' claims, and they did not resolve the claims raised in counts I, II, and IV of FPD's counterclaim. The parties dispute only the issue of whether the orders finally resolved count III of the counterclaim, the count in which FPD prayed for eviction of Royalty Farms from the horse farm.

¶ 22    The circuit court granted FPD the relief it sought in count III when it entered the order dated June 24, 2015, which said, "Plaintiffs to vacate premises by 12/31/15." We find that the order finally disposed of a separate claim. See *Great American Federal Savings & Loan Ass'n v. Grivas*, 137 Ill. App. 3d 267 (1985) (order for eviction final and appealable under Rule 304(a)); *County of Cook v. Schroeder*, 55 Ill. App. 2d 449, 459-60 (1965) (although part of appeal dismissed for want of jurisdiction, court had jurisdiction to review separate claim for possession of property). Rule 304(a) provides: "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *** is subject to

revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). The circuit court did not add Rule 304(a) language to the order of June 24, 2015. Therefore, the circuit court retained jurisdiction to modify the order of June 24, 2015, despite its finality. See *Washington Mutual Bank, F.A. v. Archer Bank*, 385 Ill. App. 3d 427, 432 (2008). The circuit court modified the June 24, 2015, order in the order dated May 19, 2016, as that order permitted Royalty Farms to remain on the horse farm until June 1, 2016. See *In re Meko Holding Inc. v. Joy*, 486 N.Y.S.2d 201, 203-04 (App. Div. 1985) (a change of the effective date of an order constitutes a modification of the order). We agree with the circuit court's implicit holding that the eviction orders of March 4, 2016, and May 19, 2016, finally disposed of a separate claim in this case. See *Com-Co Insurance Agency, Inc. v. Service Insurance Agency, Inc.*, 321 Ill. App. 3d 816, 819 (2001) (by adding Rule 304(a) language to an order, court implicitly finds that order final as to a separate part of the case). We find that we have jurisdiction to review the modified final orders for eviction that the circuit court entered on March 4, 2016, and May 19, 2016.

¶ 23                                                      Eviction

¶ 24        The circuit court's order of May 19, 2016, evicts Royalty Farms from the horse farm based on FPD's termination of Royalty Farms' lease. If FPD had any rights regarding the lease, it acquired the rights by purchasing the horse farm at the foreclosure sale, which the sheriff held pursuant to a judgment of foreclosure the circuit court entered in BMO Harris Bank, N.A. v. Royalty Properties, LLC, No. 09 CH 18291 (Cir. Ct. Cook Co.) (hereinafter BMO Harris v. Royalty Properties). *BMO Harris*, 2016 IL App (1st) 151338-U, ¶¶ 20-21. The appellate court in *BMO Harris* held that the circuit court erred when it entered the judgment of foreclosure, so the court reversed the judgment of foreclosure and remanded for further proceedings on the complaint. *BMO Harris*, 2016 IL App (1st) 151338-U, ¶ 71. The circuit court here recognized correctly that, because FPD derived its interest in the horse farm and the lease from the judicial sale held in the course of BMO Harris v. Royalty Properties, the circuit court needed to stay all proceedings in this case pending a resolution of BMO Harris v. Royalty Properties, which would determine whether FPD has any interest in the horse farm and the lease. See *Bjorklund v. Bjorklund Trucking, Inc.*, 753 N.W.2d 312 (Minn. Ct. App. 2008) (trial court abused its discretion when it denied motion to stay eviction proceedings pending resolution of separate lawsuit that would determine issue of ownership of property). The circuit court decided to protect the status quo by leaving FPD in sole possession of the horse farm during the proceedings in BMO Harris v. Royalty Properties.

¶ 25        The circuit court based its decision on Royalty Farms' admission that it received notice of termination of the lease from FPD and Royalty Farms' statement in court in July 2015 that it would vacate the premises in December 2015. FPD argues that Royalty Farms judicially admitted that the lease terminated, and therefore the circuit court correctly evicted Royalty Farms.

¶ 26        "Judicial admissions are defined as deliberate, clear, unequivocal statements by a party about a concrete fact within that party's knowledge." *In re Estate of Rennick*, 181 Ill. 2d 395, 406 (1998). "A party is not bound by admissions regarding conclusions of law because the courts determine the legal effect of the facts adduced." *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 475 (2010). Here, Royalty Farms judicially admitted that it

received a document from FPD purporting to terminate Royalty Farms' lease of part of the horse farm. Royalty Farms could not judicially admit that FPD terminated the lease because the parties cannot judicially admit the legal effect of the facts adduced. See *In re Marriage of Osborn*, 206 Ill. App. 3d 588, 594 (1990). The statement that Royalty Farms would leave the farm by December 31, 2015, does not qualify as a judicial admission because it constitutes a promise and not a statement of fact. See *Bradley Real Estate Trust v. Dolan Associates Ltd.*, 266 Ill. App. 3d 709, 713 (1994). The judicial admission cannot justify the circuit court's decision to award FPD a judgment of eviction.

¶ 27    Royalty Farms does not dispute the circuit court's decision to stay proceedings in this case pending the resolution of FPD's rights in BMO Harris v. Royalty Properties. Royalty Farms challenges only the decision to give possession to FPD pending the final decision in BMO Harris v. Royalty Properties.

¶ 28    Our supreme court said, "A party to a decree cannot acquire any rights thereunder while the same is subject to review which he can assert after the decree is reversed, since the effect of the reversal is to abrogate the decree and leave the cause as it stood prior to the entry of the decree." *Willett Co. v. Carpentier*, 4 Ill. 2d 407, 412 (1954). In *Thompson v. Davis*, 297 Ill. 11, 15 (1921), the court said, "The decree of foreclosure was reversed and set aside and the parties became entitled to be restored to their former rights as nearly as possible."

¶ 29    In *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249 (1970), Fisher bought real estate from Rosewood on an installment plan. When Fisher missed a payment, Rosewood filed a complaint for forcible entry. Fisher filed a counterclaim and affirmative defense, alleging that Rosewood's misrepresentations made the sales contract void. The *Rosewood* court said, "Where as here, the right to possession a plaintiff seeks to assert has its source in an installment contract for the purchase of real estate by the defendant, we believe it must necessarily follow that matters which go to the validity and enforceability of that contract are germane, or relevant, to a determination of the right to possession. *** [A] contract seller claiming and seeking to enforce a claimed right of possession should not be permitted to prevail on the basis of such contract so long as its validity and enforceability is questionable under the law." *Rosewood*, 46 Ill. 2d at 256-57.

¶ 30    Cases from other jurisdictions, with facts similar to the facts here, show the application of the principles restated in *Carpentier* and *Rosewood*. *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380, also involved a foreclosure judgment, a judicial sale of the foreclosed property to the party who foreclosed the mortgage, and a subsequent reversal of the foreclosure judgment. The *Fannie Mae* court held: "a reversal of the judgment entered in the trial court *** operat[es] to set aside, vacate and nullify everything done under and in pursuance of said judgment; we therefore conclude that the sale made under the first decree of foreclosure was vacated when the judgment, upon the authority of which the sale was made, was reversed by the Court of Appeals." (Internal quotation marks omitted.) *Fannie Mae*, 2016-Ohio-8484, 77 N.E.3d 380, at ¶ 14. In *Sundie v. Haren*, 253 So. 2d 857 (Fla. 1971), Sundie won a summary judgment on a complaint for foreclosure, and the court approved the sale of the property to a party to the foreclosure proceedings. The court of appeals reversed the judgment, finding that Haren's evidence created issues of material fact. After the trial on remand, the circuit court again entered judgment in favor of Sundie and upheld the original sale of the property. The appellate court affirmed the judgment of foreclosure but found that the circuit court had an obligation to order a new sale of the

property. The Florida Supreme Court said, "the correct result, requiring a new sale, was reached in the instant case. *** [R]eversal of the summary final decree required, as between the parties to the suit, restoration of the original status. A party against whom an erroneous judgment has been made is entitled upon reversal to have his property restored to him by his adversary." *Sundie*, 253 So. 2d at 858.

¶ 31 Because the validity of the mortgage remains unresolved and at issue in *BMO Harris*, the circuit court had no basis for awarding a judgment in favor of FPD on its claim for eviction. We hold that the decision in *BMO Harris* voids the judicial sale of the horse farm. If FPD succeeds in winning a judgment of foreclosure on the mortgage, the circuit court will need to order a new judicial sale of the property, and the purchaser at that sale may succeed to Royalty Properties' rights under the purported lease, including the right to terminate the lease. We reverse the order evicting Royalty Farms from the horse farm and remand and stay the eviction proceedings pending resolution of the foreclosure action.

¶ 32 One final note. Through a series of maneuvers by the parties, decisions by the trial court, and overlapping briefing schedules, this disagreement has inefficiently led to separate cases proceeding in the trial court, in front of different judges, and to a series of separate appeals. In *BMO Harris*, we held that the decision in *Baker v. Forest Preserve District*, 2015 IL App (1st) 141157, had a *res judicata* effect against the Cannons in part because that case, too, involved the dispute between the Cannons and FPD over ownership of the farm. *BMO Harris Bank*, 2016 IL App (1st) 151338-U, ¶¶ 57-58.

¶ 33 And in August 2017, this court entered another order in the ongoing litigation between the parties, vacating a trial court order that named FPD as mortgagee in possession of the farm. *Forest Preserve District v. Royalty Properties, LLC*, 2017 IL App (1st) 171564-U. We now stay proceedings on the claims of Royalty Farms and the counterclaims of FPD, including the eviction proceedings, for those claims to await final determination of the mortgage foreclosure case.

¶ 34                                          CONCLUSION

¶ 35 Because the circuit court's orders of March 4, 2016, and May 19, 2016, modified an order that finally disposed of FPD's separate claim for eviction and the court included appropriate language to make the orders immediately appealable, Rule 304(a) gives this court jurisdiction over the appeal. The appellate court's decision in *BMO Harris*, which reversed the foreclosure judgment, rendered void the judicial sale of the property and left FPD with no present right to evict Royalty Farms from the property. Accordingly, we reverse the circuit court's order awarding FPD possession of the property and remand and stay the eviction proceedings pending a resolution of the BMO Harris v. Royalty Properties foreclosure proceedings.

¶ 36 Reversed and remanded.