2024 IL App (1st) 240560-U

No. 1-24-0560

Order filed December 11, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TRINITY ACRES HOUSING CORPORATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 23 M 1711272 |
| MARGARET MCGRADY AND UNKNOWN | ) | |
| OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Barry Goldberg, |
| (Margaret McGrady, Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE D.B. WALKER delivered the judgment of the court.
Justice Martin concurred in the judgment.
Presiding Justice Lampkin specially concurred.

**ORDER**

¶ 1    *Held*: We dismiss the appeal for lack of jurisdiction where defendant failed to timely file a notice of appeal from a final, appealable order.

¶ 2    Defendant Margaret McGrady appeals *pro se* from an eviction order entered by the circuit court granting possession of an apartment unit and a monetary judgment for unpaid rent and costs

to plaintiff Trinity Acres Housing Corporation (Trinity). On appeal, McGrady contends that her eviction was not justified. Because McGrady filed an untimely notice of appeal, we dismiss for lack of jurisdiction.

¶ 3     The record on appeal consists of one volume of the sealed common law record and lacks a report of proceedings or any acceptable substitute.[1] The following background is derived from the common law record.

¶ 4     On June 2, 2006, McGrady and Trinity entered into a lease agreement for an apartment at the Trinity Acres Apartments. The contractual monthly rent at the inception of the lease was $1265.

¶ 5     On August 1, 2023, Trinity filed an eviction complaint against McGrady and unknown occupants, seeking possession of the apartment and past due rent plus court costs. Trinity alleged that McGrady unlawfully withheld possession of the apartment after Trinity terminated McGrady's lease for nonpayment of rent. Trinity indicated that McGrady owed $8135 in rent from March 2, 2023 to July 12, 2023.

¶ 6     Trinity attached to its complaint a copy of the lease and its 30-day notice served to McGrady on June 2, 2023. The notice indicated that McGrady owed Trinity $6384 for past due rent and demanded full payment of the amount no later than 30 days after the service date. The notice stated that if McGrady failed to pay the amount due, her lease would be terminated.

¶ 7     On February 1, 2024, after a contested trial where Trinity and McGrady were present, the circuit court entered a final eviction order granting Trinity possession of the subject apartment. The order directed McGrady to move out of the property on or before February 15, 2024, and if

---

[1] Trinity filed a supplemental record with its brief on appeal. Our records do not show that a motion for leave to file a supplemental record was filed.

she failed to do so, the sheriff was ordered to evict her. In addition, the order granted Trinity a monetary judgment against McGrady in the amount of $20,195 in rent and $783.51 in court costs for a total of $20,978.51.

¶ 8    On February 6, 2024, McGrady filed a *pro se* motion requesting to extend the stay of the enforcement of eviction order from February 15, 2024, to March 31, 2024, explaining that she had been unable to secure alternative housing and was unable to vacate the apartment by February 15, 2024.

¶ 9    On February 23, 2024, the circuit court denied the motion, noting that when it entered the final eviction order, it had considered and entered the period of stay of enforcement of the eviction order.

¶ 10    On appeal, McGrady asserts that her eviction is not justified. In response, Trinity argues that this court should deny McGrady's appeal regarding possession as moot because she was evicted from the premises on May 21, 2024, and, therefore, this court cannot grant any relief regarding the order of possession. Further, Trinity argues that McGrady's appeal in its entirety should be dismissed because her brief is woefully deficient, as it fails to meet the standards for appellate briefs articulated in Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020).

¶ 11    As an initial matter, it is incumbent on this court to determine the issue of jurisdiction. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Without jurisdiction, we cannot consider the merits of an appeal. See *id.* McGrady fails to address this court's jurisdiction. Trinity correctly cites to Illinois Supreme Court Rule 303 (eff. July 1, 2017), which governs appeals from civil proceedings.

¶ 12    Under Rule 303(a)(1), a notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Where a motion directed against a judgment is timely filed within 30 days of the judgment, a notice of appeal must be filed "within 30 days after the entry of the order of the last pending postjudgment motion directed against that judgment or order." *Id.* "[T]he timely filing of the notice of appeal is the only jurisdictional step required to perfect the appeal." *Oruta v. Biomat USA, Inc.*, 2017 IL App (1st) 152789, ¶ 5.

¶ 13    Illinois Supreme Court Rule 301 provides that every "final judgment" in a civil case is appealable as of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Our supreme court has defined a final judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit" (*Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005)) and as an order that "resolve[s] every right, liability or matter raised" (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990)). This court has held that an order for eviction is a final and appealable judgment. See *Royalty Farms, LLC v. Forest Preserve District of Cook County*, 2017 IL App (1st) 161409, ¶ 22.

¶ 14    Here, the circuit court entered its final and appealable eviction order on February 1, 2024. The 30-day time frame for McGrady to file a timely notice of appeal or motion directed against the judgment expired on Saturday, March 2, 2024. Because that day was on a weekend, the filing deadline was on the next business day, Monday, March 4, 2024. See *Galaviz v. Mietus Restoration, Inc.*, 2023 IL App (1st) 220514, ¶ 25.

¶ 15 On February 6, 2024, within that 30-day period, McGrady filed a posttrial motion requesting to extend the stay for enforcement of the eviction order because she had been unable to secure alternative housing. However, "a stay of judgment is collateral to the judgment and does not affect or alter the issues on appeal." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 174 (2011); see also *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 n.4 (2001) ("A motion to stay impacts the enforcement and effect of the judgment, but does not challenge the sufficiency of that judgment.").

¶ 16 McGrady's motion requesting an extension of the stay to find alternative housing did not attack the final order entered on February 1, 2024, such as by claiming the court erred in awarding possession or damages to Trinity or in ordering her eviction. She solely requested a further stay of the eviction. Therefore, the motion requesting a stay was not a postjudgment motion directed at the February 1, 2024 final order, and the time period for filing a notice of appeal was not tolled. See *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981) ("[A]n untimely motion, or one not directed against the judgment, neither stays the judgment nor extends the time for appeal."). Thus, McGrady was to file her notice of appeal with the circuit court by March 4, 2024. However, McGrady filed her notice of appeal on March 14, 2024, which was more than 30 days after the court entered its final judgment. Also, McGrady did not file a motion requesting leave to file a late notice of appeal outside the 30-day limit. See Ill. S. Ct. R. 303(d) (eff. July 1, 2017). Here, where McGrady's notice of appeal was untimely filed, we are obliged to dismiss the appeal for lack of jurisdiction. *Oruta*, 2017 IL App (1st) 152789, ¶ 5.

¶ 17 For the foregoing reasons, we dismiss McGrady's appeal for lack of jurisdiction.

¶ 18 Appeal dismissed.

¶ 19    PRESIDING JUSTICE LAMPKIN, specially concurring:

¶ 20    I agree with the majority that this appeal must be dismissed for lack of jurisdiction. However, I write separately to express my concern and dissatisfaction with the sad result in this case where an 83-year old woman was evicted from her home of over 17 years. I recognize that the circuit court found that McGrady made representations that were not credible, but eviction is a harsh result where the record indicates that McGrady faithfully paid her portion of her government subsidized rent for many years. From the sparse record, it seems that McGrady's rent problem arose in early 2023 when she did not get timely recertified for eligibility in the government's rent subsidy program. Although it seems that several annual recertification reminder notices were sent to McGrady's address, the record does not reveal how well she understood her situation. Under the circumstances of this case, it does not seem that it would have been unduly burdensome for Trinity to have worked harder toward getting McGrady timely recertified to avoid the harsh result of her eviction.