*In re* M.R., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Jolie R., Respondent-Appellant).

Third District   No. 3—98—0866

Opinion filed July 8, 1999.

Elaine Greek, of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Susan K. Lucas, of Peoria, guardian *ad litem*.

JUSTICE SLATER delivered the opinion of the court:

The respondent, Jolie R., contends in this appeal that the trial court abused its discretion in denying her motion to continue a permanency review hearing regarding the minor, M.R. We hold that the order denying Jolie R.'s motion to continue was not a final appealable order. Moreover, we hold that the appeal provision contained in section 2—28(3) of the Juvenile Court Act of 1987 (705 ILCS 405/2—28(3) (West Supp. 1997)) does not provide for an interlocutory appeal when the order resulting from the permanency review hearing is not itself the subject of the appeal. Thus, we dismiss the respondent's appeal.

Jolie R. was placed at St. Anne's home in Peoria on May 13, 1996, while she was pregnant with M.R. M.R. was born on June 26, 1996. The next day, Jolie R. was admitted to a psychiatric hospital due to suicidal ideations and explosive and erratic behaviors. Jolie R. was released from the hospital on July 2, 1996, but she was readmitted September 16 to 20, 1996, and September 28 to October 2, 1996. Apparently, M.R. remained at St. Anne's during these hospitalizations.

On October 4, 1996, the State filed a petition to adjudicate M.R. a neglected child based on Jolie R.'s suicide attempts and Jolie R.'s fear that she would hurt M.R. The same day, M.R. was remanded to the temporary custody of the Department of Children and Family Services (Department).

Jolie R. was transferred to the Guardian Angel home on November 6, 1996. The next day, she admitted the allegations of the petition, and M.R. was adjudicated neglected. A dispositional hearing was held on December 19, 1996. The Department was named guardian of M.R.

A report prepared by Catholic Social Services (CSS) was filed at the June 19, 1997, permanency review hearing. That report informed the court that Jolie R. was then a resident of a psychiatric hospital. This was her sixth hospitalization since M.R.'s birth. The trial court ordered that M.R. remain in foster care and that the Department continue as guardian.

Another permanency review hearing was held on December 18, 1997. At that time, the court concluded that the permanency goal of "return home" was not appropriate. The court noted that required services had been provided but were not successful and that the minor's placement with the Department was necessary.

The next permanency review hearing was held on May 20, 1998. At that hearing, CSS presented another case report which stated that Jolie R. had been hospitalized on several occasions since December 1997. These hospitalizations were again a result of suicidal ideations and explosive and aggressive behavior. After the hearing, the court ruled that the permanency goal of "substitute care pending termination of parental rights" was appropriate. The court noted that other goals were ruled out because "parent's mental illness has prevented a return home goal."

On September 23, 1998, the court convened another permanency review hearing. At that time, Jolie R. was hospitalized in Cook County and could not attend the hearing. Her attorney moved for a continuance. The trial court denied the motion. The court went on to consider a letter from the "Team Leader" at the program in which Jolie R. was currently enrolled. That letter noted that Jolie R. had been hospitalized 22 times over a 2-year period. Jolie R. was still verbally abusing others. She threatened staff and destroyed property. The team leader opined that Jolie R. was not able to parent M.R. at that time. The court also considered a report from CSS which recommended that Jolie R.'s parental rights be terminated based upon her continued mental instability and limited parental ability.

The court's order of September 23, 1998, provided that Jolie R.'s motion to continue was denied. It further provided that the permanency goal of "substitute care pending termination of parental rights" was appropriate. The reason the court gave for choosing this goal above others was "length of time minor in placement lack of progress of mother."

Jolie R. filed a notice of appeal from the September 23, 1998, per-

manency review order. The sole issue she raises on appeal is the denial of her motion to continue the September 23, 1998, permanency review hearing.

■ Section 2—1007 of the Code of Civil Procedure covers requests for continuances. 735 ILCS 5/2—1007 (West 1996). It provides that continuances may be granted for good cause shown, at the discretion of the court and on just terms. 735 ILCS 5/2—1007 (West 1996). There is no absolute right to a continuance. *Village of Maywood v. Barrett*, 211 Ill. App. 3d 775, 570 N.E.2d 645 (1991). The trial judge's decision to deny a continuance will not be reversed absent an abuse of discretion. *In re Marriage of Ward*, 282 Ill. App. 3d 423, 668 N.E.2d 149 (1996). Moreover, the denial of a request for continuance will not be grounds for reversal unless the complaining party has been prejudiced by such denial. *Shumak v. Shumak*, 30 Ill. App. 3d 188, 332 N.E.2d 177 (1975).

The State maintains that the denial of Jolie R.'s request for a continuance is not an appealable order.

■ In and of itself, an order denying a continuance is not a final and appealable order. *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 686 N.E.2d 1202 (1997). Supreme court rules provide for interlocutory appeals in some instances. Rule 306 allows for appeals from orders granting new trials and other specific orders. 166 Ill. 2d R. 306. Orders denying continuances are not included under Rule 306. See 166 Ill. 2d R. 306. Rule 307 governs interlocutory appeals as of right. 166 Ill. 2d R. 307. Again, orders denying continuances do not fall within the ambit of the rule. See 166 Ill. 2d R. 307. Rule 308 also covers interlocutory appeals; it provides for appeals of unique questions of law. 155 Ill. 2d R. 308. No mention is made in Rule 308 of orders denying continuances. See 155 Ill. 2d R. 308.

In the instant case, the order denying Jolie R.'s motion for continuance was not a final order. Nor was it appealable under any supreme court rule which would allow for an interlocutory appeal. Instead, Jolie R. appears to have taken this appeal pursuant to section 2—28(3) of the Juvenile Court Act of 1987 (the Act) (705 ILCS 405/2—28(3) (West Supp. 1997)).

■ Section 2—28 of the Act has been amended several times in the last few years. The incarnation under which the instant proceedings took place became effective January 1, 1998. It provided that any legal guardian appointed under the Act may be required to make periodic reports to the court outlining its "doings in behalf of the minor." 705 ILCS 405/2—28(1) (West Supp. 1997). The initial permanency review hearing must be held within 12 months of the date temporary custody of the minor is taken; subsequent permanency review hearings must

be held every six months. 705 ILCS 405/2—28(2) (West Supp. 1997). Prior to the hearing, the public agency which is the guardian of the minor must provide all the parties with a copy of the most recent service plan. 705 ILCS 405/2—28(2) (West Supp. 1997). At the permanency review hearing, the trial judge must consider which of several permanency goals is in the best interest of the child. 705 ILCS 405/2—28(2) (West Supp. 1997). In doing so, he must consider certain enumerated factors. 705 ILCS 405/2—28(2) (West Supp. 1997).

At the conclusion of the permanency review hearing, the trial judge must enter a written order setting forth the permanency goal decision made pursuant to subparagraph (2). The order must contain: (a) the future status of the minor, including the permanency goal; (b) if the permanency goal cannot be achieved immediately, the specific reasons for continuing the minor in the care of the public agency; (c) whether the services required by the service plan have been provided and if they were, whether they were reasonably calculated to achieve the goal and if they were not, why they were not; and (d) whether the minor's placement is appropriate to the plan and goal. 705 ILCS 405/2—28(3) (West Supp. 1997). "Any order entered pursuant to this subsection (3) shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)." 705 ILCS 405/2—28(3) (West Supp. 1997).

■ There can be no doubt that an order pursuant to section 2—28(3) was entered in the instant case. However, this order is not the subject of the current appeal. Instead, Jolie R. appeals the order which denied her motion for continuance. Section 2—28(3) does not cover motions for continuance. Orders for continuances are not even mentioned in section 2—28(3). As a result, we must conclude that the order from which Jolie R. appeals is not the kind of order for which the legislature provided the immediate appeal option.

To summarize, we hold that the order denying Jolie R.'s motion to continue was not a final and appealable order and was not an order for which supreme court rules provide an interlocutory appeal. Moreover, the order was not entered pursuant to section 2—28(3) of the Juvenile Court Act and, as a result, was not immediately appealable under the provision contained in that section. We must conclude, then, that Jolie R.'s appeal is not well taken and must be dismissed.

Appeal dismissed.

HOLDRIDGE, P.J., and HOMER, J., concur.