# ILLINOIS OFFICIAL REPORTS

*In re John Doe Investigation*, 2011 IL App (2d) 091355

| | |
|---|---|
| Appellate Court Caption | *In re* JOHN DOE INVESTIGATION (Sheila Brown and Marissa Brown, Appellants). |
| District & No. | Second District<br>Docket No. 2-09-1355 |
| Filed | July 11, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | An appeal from the trial court's denial of appellants' emergency petition to continue the grand jury subpoenas requiring them to appear before a grand jury regarding a shooting they witnessed was dismissed for lack of jurisdiction, since the denial of the petition was a nonfinal order and there was no final order in the contempt proceedings against them based on their failure to appear. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, No. 09-MR-1028; the Hon. Joseph G. McGraw, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Keenan J. Saulter, of Saulter Law Group, and Samuel E. Adam, of Law Offices of Samuel E. Adam, both of Chicago, for appellants.

Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justices McLaren and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Appellants, Sheila Brown and Marissa Brown, appeal an order from the trial court denying their emergency petition to continue grand jury subpoenas. Appellants raise two issues on appeal: (1) whether the trial court failed to properly consider their constitutional rights when it denied their emergency petition; and (2) whether the filing of this appeal negated any criminal or civil contempt charges against them. For the reasons set forth below, we dismiss for lack of jurisdiction.

¶ 2    The relevant facts for the purpose of this appeal are not in dispute. On August 24, 2009, appellants witnessed the shooting death of Mark Anthony Barmore by two Rockford police officers. On December 17, 2009, appellants received subpoenas to appear before a Winnebago County grand jury regarding the August 24, 2009, shooting. The subpoenas required appellants to testify before the grand jury on December 23, 2009.

¶ 3    On December 21, 2009, appellants filed an emergency petition to continue the grand jury subpoenas, arguing that the subpoenas violated their rights pursuant to the United States and Illinois Constitutions. Specifically, appellants argued that, as they were given only six days' notice, the subpoenas were oppressive and unreasonable because they did not have time to effectively obtain and communicate with counsel, and because they had previously made arrangements to travel out of town for Christmas. Appellants requested that the subpoenas be continued until January 6, 2010, at which time they would be prepared to give their testimony. On that same day, after entertaining oral arguments, the trial court denied the petition, finding that it was "not an urgent matter which would require the [trial court] to continue grand jury subpoenas for [appellants]."

¶ 4    On December 22, 2009, appellants filed their notice of appeal. On December 28, 2009, the State filed petitions for rules to show cause against appellants for failing to appear at the December 23, 2009, grand jury proceedings. On January 11, 2010, appellants filed motions to stay the contempt proceedings in the trial court pending appellate review. The motions

argued that the trial court lacked jurisdiction to entertain the State's petitions for rules to show cause because appellants' December 22, 2009, notice of appeal divested the trial court of jurisdiction until the court was revested with jurisdiction. Appellants also filed motions to substitute the trial court judge and raised other jurisdictional challenges. On January 20, 2010, the trial court denied each of appellants' then-pending motions. On February 17, 2010, appellants filed an emergency motion to stay the trial court proceedings pending appellate review, pursuant to Illinois Supreme Court Rule 305(d) (eff. July 1, 2004). On February 19, 2010, the trial court stayed the proceedings.

¶ 5    The first issue raised on appeal is whether the trial court failed to consider appellants' constitutional rights when it denied their emergency petition to continue the grand jury subpoenas. With respect to jurisdiction, appellants assert that we have jurisdiction pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. May 1, 2007) because the trial court's order denying their emergency petition constituted a final and appealable order.

¶ 6    Article VI, section 6, of the 1970 Illinois Constitution provides a right to appeal a final judgment from a circuit court to the appellate court. Ill. Const. 1970, art. VI, § 6. A judgment is final if it finally determines the litigation on the merits so that, if the judgment is affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re the Living Trust of Miller*, 396 Ill. App. 3d 910, 915 (2009). There is no constitutional right to appeal a nonfinal, interlocutory order; rather, our supreme court is vested with the authority to provide for such appeals by rule as it sees fit. *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). As a reviewing court, we "review *de novo* the purely legal issue of jurisdiction." *In re Detention of Hardin*, 238 Ill. 2d 33, 39 (2010).

¶ 7    Before addressing the merits of appellants' argument, we note that Illinois law is unclear with respect to which supreme court rules, if any, apply to appeals from grand jury proceedings. In *In re October 1985 Grand Jury No. 746*, 124 Ill. 2d 466 (1988), our supreme court stated that a grand jury proceeding is neither a criminal nor a civil case within the meaning of its civil or criminal appellate rules. *Id.* at 472-73. Rather, the supreme court stated that a grand jury proceeding is an *ex parte* investigation to ascertain whether a crime was committed and a criminal proceeding should be commenced. Thus, the State could not appeal through Rule 604(a)(1) (eff. Jan. 1, 1970) or Rule 301 (eff. Feb. 1, 1994), but could seek review through some other method, such as a writ of *mandamus*. *In re October 1985 Grand Jury*, 124 Ill. 2d at 473. Subsequently, in *In re May 1991 Will County Grand Jury*, 152 Ill. 2d 381 (1992), our supreme court, without discussing jurisdiction, granted a petition for leave to appeal by targets of a grand jury proceeding after their motion to quash the grand jury subpoena was denied. Thus, our supreme court's holding in *In re May 1991 Will County Grand Jury* creates an inference that an appeal from a grand jury proceeding could be maintained through the supreme court rules pertaining to appeals. Nonetheless, any determination of which rule applies to grand jury proceedings is irrelevant to our resolution of this case, because, as outlined below, there was no final order and we, therefore, lack jurisdiction. As a reviewing court, we "will not issue advisory opinions merely to set precedent or guide future litigation." *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 428 (2000).

¶ 8 Appellants primarily rely on *People v. Doe*, 211 Ill. App. 3d 962 (1991), in support of their contention that we have jurisdiction over this appeal. In *Doe*, a third party was issued a subpoena commanding her to produce information to a grand jury relating to a homicide. *Id*. at 964. The third party filed a motion to quash, alleging that the subpoena violated an Illinois law and constitutional rights, which the trial court denied. Thereafter, the third party failed to comply with the subpoena and filed an appeal, which the State sought to dismiss for lack of jurisdiction. *Id*. The Appellate Court, First District, held that the trial court's denial of the motion to quash constituted a final and appealable order, as the motion to quash initiated a separate, independent action from the grand jury proceeding. *Id*. at 965.

¶ 9 In reaching its determination, the court in *Doe* said that the matter before it was "clearly analogous" to *Laurent v. Brelji*, 74 Ill. App. 3d 214 (1979). In *Laurent*, the defendant likewise refused to comply with a subpoena issued by an administrative agency regarding a discharge proceeding for a mentally ill patient. A hearing officer for the administrative agency denied the defendant's motion to quash. While the administrative proceeding was still pending, the plaintiffs filed a petition in the trial court, seeking an order to enforce the subpoena. The trial court ordered the defendant to comply with the subpoena, and the defendant appealed that order. *Id*. at 215. The reviewing court held that it had jurisdiction because the enforcement proceeding before the trial court constituted a separate matter, and once the trial court entered the enforcement order, it had finally determined the rights of the parties and the litigation terminated. *Id*. at 216.

¶ 10 Appellants also cite *People v. Pine*, 129 Ill. 2d 88 (1989). In *Pine*, our supreme court held that the Illinois Secretary of State had standing to appeal a trial court's order granting a judicial driving permit, because the Secretary of State played a substantial part in such proceedings. *Id*. at 99-100. In reaching its determination, the supreme court, citing *Laurent*, stated that allowing the Secretary of State to appeal was analogous to courts holding that, in an ancillary proceeding, a nonparty to the original matter could seek appellate review of an order without first having to be held in contempt for refusing to obey the order. *Id*. at 101-02.

¶ 11 We find these cases distinguishable and unpersuasive. Initially, we note that *Doe* involved a motion to quash a subpoena, whereas here appellants seek to challenge an order denying a petition to continue a subpoena. An order denying a motion to continue is not a final and appealable order. *In re M.R.*, 305 Ill. App. 3d 1083, 1086 (1999). In addition, the issue in *Pine* involved whether the Secretary of State had standing to appeal a trial court's grant of a judicial driving permit, and we do not find that case relevant to the matter presently before us.

¶ 12 Moreover, the facts in *Doe* and the current matter are not "clearly analogous" to *Laurent*. As discussed above, *Laurent* involved two separate and distinct proceedings–the administrative proceeding in which the subpoena was issued and the subsequent trial court proceeding brought by the plaintiffs seeking enforcement of the subpoena. The defendant appealed from the final order in the enforcement proceeding, not the administrative agency's denial of his motion to quash the subpoena. Conversely, here, appellants filed their notice of appeal immediately after the trial court denied their emergency petition to continue the grand jury subpoenas, before the separate and independent rule-to-show-cause proceedings commenced on December 28, 2009. Thus, appellants filed their notice of appeal after the trial

court entered a nonfinal order denying their emergency petition to continue the subpoenas in the grand jury proceeding, not after the trial court entered a final order in a separate contempt proceeding. See *Lewis v. Family Planning Management, Inc.*, 306 Ill. App. 3d 918, 925-26 (1999) (noting that a contempt proceeding to enforce an order constitutes a separate proceeding and distinguishing *Laurent*). Thus, the notice of appeal was premature.

¶ 13      Further, Supreme Court Rule 303(a)(1) does not save appellants' notice of appeal. See Ill. S. Ct. R. 303(a)(1) (eff. May 1, 2007). Rule 303(a)(1) contemplates a situation where the trial court orally pronounces a final judgment but the written order follows later. If the notice of appeal is filed after the oral pronouncement but before the written order is entered, the notice of appeal is treated as filed on the date of the written order. This rule is not applicable here, because a final order had not been orally pronounced by the trial court when appellants filed their notice of appeal on December 22, 2009.

¶ 14      Finally, we recognize that the State brought an independent contempt proceeding against appellants for failing to comply with the grand jury subpoenas. However, the record clearly reflects that the trial court has yet to enter a final order or an appealable interlocutory order within that proceeding. Therefore, the independent contempt proceeding does not provide a sufficient jurisdictional basis to entertain this appeal.

¶ 15      In sum, we lack jurisdiction because appellants did not appeal a final order. The trial court's denial of their emergency petition to continue grand jury subpoenas was a nonfinal order. In addition, the trial court has yet to enter a final order in the contempt proceeding against appellants. Accordingly, we must dismiss this appeal for lack of jurisdiction.

¶ 16      Appeal dismissed.