2026 IL App (1st) 250721-U

No. 1-25-0721

Order filed March 5, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHATHAM COMMONS CONDOMINIUM ASSOCIATION, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2024 M1 706663 |
| THREEEM COMPANIES LLC, HOWARD TIM DAVIS, AND UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | Honorable Theresa Marie Smith Conyers, |
| (Howard Tim Davis, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE QUISH delivered the judgment of the court.
Presiding Justice Navarro and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appeal is dismissed for lack of jurisdiction where one of the judgments identified in the notice of appeal is not final and appealable and where the notice of appeal was untimely as to the other judgments identified.

¶ 2    In this eviction case, defendant Howard Davis appeals *pro se* from circuit court orders (1) nonsuiting him as a defendant; (2) continuing the rest of the case; (3) evicting the remaining

defendants, Threeem Companies LLC (Threeem) and unknown occupants, and awarding possession of the condominium and a monetary judgment to plaintiff, Chatham Commons Condominium Association (Chatham); and (4) striking his postjudgment motion to vacate the eviction order. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3     The following background is derived from the limited record on appeal, which does not include a report of proceedings.

¶ 4     On April 23, 2024, Chatham filed a complaint for eviction and breach of contract against Davis, Threeem, and unknown occupants (collectively, "defendants") related to a condominium unit in Chicago. Chatham alleged that, in violation of the condominium declaration, the defendants failed to pay monthly assessments from July 2023 to April 2024. Chatham sought possession of the unit and $5,315, plus costs, interest, and attorney fees and any unpaid assessments which accrued after filing.

¶ 5     On September 4, 2024, the trial court allowed Chatham to serve all defendants by posting. Affidavits of service from the Sheriff's Office of Cook County certified that the notices were mailed to the defendants and posted at the Cook County Government Building, Chicago City Hall, and the Daley Center on September 16, 2024.

¶ 6     On October 21, 2024, Davis filed a motion to quash service and dismiss, alleging only that he "wasn't properly served" and Chatham refused to address mold in his unit. Also on October 21, 2024, with counsel for Chatham and Davis present, the trial court referred Davis to the Early Resolution Program (ERP) for assessment.

¶ 7     On November 14, 2024, the trial court struck Davis's motion to quash as premature "for reasons stated on the record." The court continued the case "for ERP return status" as to Davis and

prove-up as to the other defendants.

¶ 8 On November 15, 2024, Davis filed another motion to quash service, alleging that he was not served with the summons or complaint and that the homeowner association's negligence in maintaining the building caused him financial strain. On January 15, 2025, Chatham filed a motion for default against all defendants and sought immediate possession of the premises and a judgment of $7,006 for unpaid assessments and late fees from June 2023 through January 2025, plus court costs and attorney fees.

¶ 9 On January 16, 2025, the court allowed Chatham to nonsuit Davis as a defendant. The court continued the case to February 3, 2025, for prove-up as to Threeem and unknown occupants.

¶ 10 On January 17, 2025, Davis filed a motion to "vacate default judgement and grant new hearing," asserting that Chatham "didn't give notice of hearing." He scheduled the motion for presentment on February 4, 2025.

¶ 11 On February 3, 2025, the trial court continued the case to February 19, 2025, for prove-up as to Threeem and unknown occupants. The court also struck the February 4, 2025, presentment date for Davis's motion.

¶ 12 On February 4, 2025, the court noted that "[t]his date was previously stricken." The court found that Davis had been nonsuited on January 16 and struck his motion because he was no longer a party.

¶ 13 On February 5, 2025, Davis filed another motion to quash service and dismiss, asserting, *inter alia*, that he had never been served with the summons and complaint. Davis further claimed that his "removal" from the case on February 3, 2025, "was fraud."

¶ 14 On February 19, 2025, the trial court entered an eviction order by default against Threeem

and unknown occupants only. The order recited that Davis was dismissed as a defendant and the order did not apply to him. The court awarded possession of the unit to Chatham and a judgment against Threeem for $10,187.

¶ 15    On February 21, 2025, with Davis present in court, the trial court entered an order stating that Davis "voluntarily withdraws his motion."

¶ 16    On March 24, 2025, Davis filed a motion to "vacate default judgement; quash services; dismiss case." Davis alleged that he was never served; he was never given notice of the January 16, 2025, hearing; and Chatham's counsel was not authorized to represent Chatham. On April 4, 2025, with both Davis and Chatham's counsel present, the trial court struck Davis's motion. On April 7, 2025, Davis re-filed the same motion.

¶ 17    On April 10, 2025, Davis filed in this court a *pro se* motion for leave to file a late notice of appeal and an accompanying notice of appeal, identifying the dates of the orders being appealed as January 16, February 3, and February 19, 2025. We allowed the motion and the case was assigned appeal No. 1-25-0646. The appeal was subsequently dismissed for want of prosecution because Davis failed to file the record within the time prescribed by Illinois Supreme Court Rule 326 (eff. July 1, 2017).

¶ 18    On April 18, 2025, Davis initiated the present appeal by filing a *pro se* notice of appeal in the trial court, indicating that he was appealing the trial court's orders of January 16, February 3, February 19, and April 4, 2025.

¶ 19    Although Chatham has not filed a response brief, we may proceed under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), and have ordered the appeal taken on Davis's brief and the record alone.

¶ 20    In his brief, Davis makes several arguments challenging the trial court's order nonsuiting him as a defendant, the eviction order against his co-defendants, and the orders striking his motions. However, we need not address his specific arguments because, as discussed below, we lack jurisdiction over this appeal.

¶ 21    This court has an independent duty to assess its jurisdiction to review this appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213, 217 (2009). Jurisdiction is only established when a party files a timely notice of appeal. *In re Marriage of Larsen*, 2023 IL App (1st) 230212, ¶ 98. Illinois Supreme Court Rule 301 provides that a final judgment in a civil case is appealable as of right and is initiated by filing a notice of appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). "No other step is jurisdictional." *Id.*

¶ 22    Illinois Supreme Court Rule 303 requires that the notice of appeal be filed with the clerk of the circuit court within 30 days of entry of a final judgment or, if a timely postjudgment motion directed against the judgment is filed, within 30 days after entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017). Section 2-1203(a) of the Code of Civil Procedure (Code) requires that a postjudgment motion in a non-jury case be filed within 30 days of the judgment. 735 ILCS 5/2-1203(a) (West 2024). A timely motion will toll the time for the notice of appeal. *In re Application of the County Treasurer*, 214 Ill. 2d 253, 261 (2005).

¶ 23    If, however, a party "files a postjudgment motion more than 30 days after the entry of final judgment, the motion will not toll the time for filing a notice of appeal." *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 20. Timeliness is both jurisdictional and mandatory, as neither the circuit court nor the appellate court has authority to excuse compliance with the filing requirements of Rule

303. See *Secura*, 232 Ill. 2d at 217-18.

¶ 24    We begin the examination of our jurisdiction with the first and third orders identified in Davis's notice of appeal, which were the trial court's January 16, 2025, order nonsuiting Davis and February 19, 2025, order evicting Threeem and unknown occupants. We examine these together because Davis's attempts to appeal these orders suffer from the same defect of untimeliness.

¶ 25    The granting of a plaintiff's request to voluntarily dismiss a defendant to a lawsuit, also known as a "nonsuit" of the defendant, "places the litigation in the same posture as if no suit had ever been filed with respect to the nonsuited defendants, and *** after such action, the cause is in the same condition as if suit had originally been brought against only the remaining defendant(s)." *Reagan v. Baird*, 140 Ill. App. 3d 58, 61 (1985). A voluntary dismissal or nonsuit of a defendant constitutes a termination of the action with respect to that defendant. *Id.*

¶ 26    In general, a voluntary dismissal or nonsuit order is final and appealable by the defendant under Illinois Supreme Court Rule 301. See *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 306-07 (1984). However, the application of Rule 301 is limited by Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), which provides that, if multiple parties are involved in an action, an appeal may be taken from a final judgment as to fewer than all of the parties *only* if the trial court makes an express written finding that there is no just reason for delaying either enforcement or appeal or both. *Id.* Absent an express written Rule 304(a) finding, a final order disposing of fewer than all the claims or the rights and liabilities of fewer than all the parties is not instantly appealable and does not become appealable until all the claims have been resolved. *Id.*

¶ 27    Here, the order nonsuiting Davis was final as to Davis. However, because the other

defendants, Threeem and the unknown occupants, were not nonsuited and the case remained pending as to them, the January 16, 2025, order was final as to fewer than all the parties. Importantly, the order did not include a Rule 304(a) finding that there was no just reason for delaying either enforcement or appeal. As a result, the January 16, 2025, order was not immediately appealable. See *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997) (noting that, absent Rule 304(a) language, a final order disposing of fewer than all of the claims in an action is not instantly appealable). Instead, it became appealable only when the court entered the eviction order, as that eviction order resolved all claims in the litigation and terminated the entire action. See *id.*; see also *Royalty Farms, LLC v. Forest Preserve District of Cook County*, 2017 IL App (1st) 161409, ¶ 22 (finding that an order for eviction was a final and appealable judgment).

¶ 28 The trial court issued the eviction order (which Davis refers to as the "default judgment") on February 19, 2025. As such, Davis's deadline for filing a notice of appeal or a postjudgment motion was 30 days later, on March 21, 2025.

¶ 29 Davis did not file a notice of appeal or postjudgment motion by March 21, 2025. He did not file his postjudgment motion to "vacate default judgement; quash services; dismiss case" (in which he also attacked the trial court's ruling that he be "removed from the lawsuit") until March 24, 2025, three days *after* the deadline. As noted, an untimely postjudgment motion does not toll the 30-day deadline to file a notice of appeal. *Goral*, 2014 IL App (1st) 133236, ¶ 20. Thus, Davis's notice of appeal, filed on April 18, 2025, was also untimely. See *People v. Shunick*, 2024 IL 129244, ¶ 25.

¶ 30 The trial court lacked jurisdiction to consider that motion to vacate and properly struck it.

See *Keener v. City of Herrin*, 235 Ill. 2d 338, 350 (2009) (noting that the circuit court has no jurisdiction to rule upon a postjudgment motion filed more than 30 days after the original judgment). Because Davis's postjudgment motion and notice of appeal were untimely, we have no jurisdiction to consider Davis's appeal of the January 16, 2025, order nonsuiting him. See *Held v. Stanback*, 2025 IL App (1st) 250307, ¶ 22.

¶ 31 Similarly, even if Davis had standing to appeal the February 19, 2025, eviction order despite being a nonparty to the case at that time, we also lack jurisdiction to review Davis's appeal of that order. Because he had already been nonsuited, Davis was a nonparty to eviction order. As a nonparty, he could not file a postjudgment motion to extend the time for filing a notice of appeal. See *Kissoon v. Vlcek*, 2022 IL App (1st) 210488, ¶ 58. Thus, he was required to file a notice of appeal within 30 days of the entry of the eviction order, that is, by March 21, 2025. His April 18, 2025, notice of appeal was untimely filed and failed to vest this court with jurisdiction. See *id.* ¶ 59. Accordingly, we likewise dismiss Davis's appeal of the eviction order. See *id.* ¶¶ 59, 72 (dismissing appeal where appellant was a nonparty to eviction, could not file a postjudgment motion, and notice of appeal was untimely).

¶ 32 The second judgment identified by Davis in his notice of appeal was the trial court's February 3, 2025, order continuing the case. The granting of a continuance is not a final and appealable order because it does not finally determine the rights or status of any party and leaves open further determinations by the court. *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 401 Ill. App. 3d 868, 882 (2010). Moreover, the granting of a continuance is not an interlocutory order appealable as of right under Illinois Supreme Court Rule 307(a) (eff. Nov. 1, 2017) or by permission under Illinois Supreme Court Rule 306(a) (eff. Oct. 1, 2020). As such, we lack

jurisdiction to review the circuit court's order of February 3, 2025, and, therefore, dismiss the appeal of that judgment. See *In re M.R.*, 305 Ill. App. 3d 1083, 1087 (1999) (finding dismissal was required because the denial of a motion for a continuance was not a final and appealable order and was not an order for which supreme court rules provide an interlocutory appeal).

¶ 33     The last judgment identified in Davis's notice of appeal was the trial court's April 4, 2025, order striking Davis's untimely postjudgment motion to vacate. As a nonparty, Davis was not allowed to move for postjudgment relief from the eviction order. See 735 ILCS 5/2-1203(a) (West 2024); *Kissoon*, 2022 IL App (1st) 210488, ¶ 58. Moreover, to the extent that his postjudgment motion was directed against the order nonsuiting Davis, the motion to vacate was untimely. In these circumstances, the trial court correctly struck the motion. Because the motion did not toll the time for filing a notice of appeal, we lack jurisdiction and dismiss Davis's appeal of that order. *Kissoon*, 2022 IL App (1st) 210488, ¶ 58; see also *Hurtado v. Hurtado*, 2021 IL App (2d) 190652-U, ¶¶ 11, 17 (dismissing for lack of appellate jurisdiction portion of appeal challenging the rejection of a successive and untimely postjudgment motion).

¶ 34     For the reasons explained above, we dismiss the appeal.

¶ 35     Dismissed.